IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GENEVA FORRESTER              :

                                  :

     v.                     : Civil Action No. DKC 2005-0392

                                  :

UNITED STATES OF AMERICA     :

                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury case is the motion of Defendant United States for summary judgment. (Paper 15). The issues have been briefed fully and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I. Background**

The following facts are either undisputed, or viewed in the light most favorable to Plaintiff Geneva Forrester. Plaintiff was an employee of Scrupples, Inc., a cleaning company, at the time of her accident in May 2001.[1] Plaintiff was a crew leader for a group of employees who worked at the National Institutes of Health campus in Poolesville. Employees going to Poolesville checked in at Building 36 on the main NIH campus in Bethesda. Afterwards, the

---

[1] Scrupples, Inc., is now known as LT Services. (Paper 21, Forrester Dep. 4:25-5:17). The date of Plaintiff's accident is unclear. In her complaint, Plaintiff alleges that the accident occurred "on or about" May 15, 2001 (paper 1), but she asserts in her deposition that the accident took place on May 14, 2001. (Paper 21, Forrester Dep. 19:2-19:13.)

employees would use Loading Dock 36 to board a company van that drove them out to the Poolesville campus.

On the day of the accident, Plaintiff punched in at Building 36. Before exiting the building Plaintiff found out that the driver had moved the van and Plaintiff had to board at Loading Dock 37. Plaintiff went through the hallways inside Building 37 to reach Loading Dock 37 and went down the stairs to the loading dock. Plaintiff normally did not use these stairs to exit the building, and had only gone down the steps approximately two times and up the steps approximately ten times before her fall. Plaintiff also had not used the steps for about three to four months prior to this occasion.

As Plaintiff walked down the stairs, her foot slipped in a crack on the third or fourth step and she fell. After she got up, Plaintiff saw that there was a chunk of concrete missing from the edge of the step that had caused her to fall. The steps also did not have a handrail. Plaintiff walked over to Loading Dock 36 and went up the stairs located there to fill out an accident report in the Building 36 office. When she was done, Plaintiff exited from Building 36 using the Loading Dock 36 stairs and crossed over to Loading Dock 37 to board the van.

During her deposition, Plaintiff admitted that she had seen the missing concrete on prior occasions and she believed the step had been in that condition for about one year. Plaintiff also

admitted that she had made efforts to avoid that area in the past because of the missing piece of concrete.  Plaintiff stated, however, that on the day she fell, she did not see the condition of the step nor did she recall its previous damaged condition:

> Plaintiff's Attorney:  I have very few questions.  Let me ask you to focus on the day of the accident, right before you went down the steps.  Did you see at that time that the steps were damaged right before you went down?
>
> Plaintiff:  No, I didn't even pay any attention.  You know.
>
> Plaintiff's Attorney: No?
>
> Plaintiff: No.
>
> Plaintiff's Attorney: Okay.  Right before you went down the steps, did you recall that the step had been damaged before?
>
> Plaintiff: No.

(Paper 21, Forrester Dep. 60:17-61:1).

On February 9, 2005, Plaintiff filed a complaint for negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, *et seq*.  Plaintiff alleges that while using reasonable care, she tripped and fell on a defective step; that Defendant was negligent by failing to correct a dangerous condition, failing to provide warning of a dangerous condition, and failing to provide adequate handrails; and that the impact of the fall caused her substantial injuries including, but not limited to, her left knee, her second finger on her left hand, and her left ankle.  (Paper 1).

## II. Motion for Summary Judgment

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential

4

element . . . necessarily renders all other facts immaterial."
*Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the
nonmoving party will have the burden of proof, it is his or her
responsibility to confront the motion for summary judgment with an
affidavit or other similar evidence in order to show the existence
of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256;
*Celotex Corp.*, 477 U.S. at 324.  However, "[a] mere scintilla of
evidence in support of the nonmovant's position will not defeat a
motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d
529, 536 (4th Cir.), *cert. denied sub nom.*, *Gold v. Panalpina, Inc.*,
522 U.S. 810 (1997).  There must be "sufficient evidence favoring
the nonmoving party for a jury to return a verdict for that party.
If the evidence is merely colorable, or is not significantly
probative, summary judgment may be granted." *Anderson*, 477 U.S. at
249-50 (citations omitted).

## III. Analysis

Under Maryland law, to prove negligence, a plaintiff "must
demonstrate (1) that the defendant was under a duty to protect the
plaintiff from injury, (2) that the defendant breached that duty,
(3) that the plaintiff suffered actual injury or loss, and (4) that
the loss or injury proximately resulted from the defendant's breach
of the duty." *Rhaney v. Univ. of Md. Eastern Shore*, 388 Md. 585,
596 (2005).  The plaintiff's status on the defendant's land at the
time of the incident "generally controls his or her legal status

and the landowner's attendant duty." *Id.* at 602.   The parties agree that at the time of her fall, Plaintiff was a business invitee. (Paper 15, at 2-3; paper 18, at 4).   Defendant asserts that summary judgment should be granted in its favor on the grounds that the hazard was open and obvious, that Plaintiff was contributorily negligent, and that Plaintiff assumed the risk of her injuries.

## A. Primary Negligence/Open and Obvious Risk

In Maryland, a business owner has an affirmative duty to its business invitees to use "reasonable and ordinary care to keep the premises safe and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover." *Rhaney*, 388 Md. at 601. Liability for breach of this duty "may arise from a defective or unsafe condition or from dangers associated with employees or other invitees when that business owner, 'as a reasonably prudent person . . . should have anticipated the possible occurrence and the probable results of such acts.'" *Id.* at 602 (quoting *Eyerly v. Baker*, 168 Md. 599, 607 (1935)); *see also Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989).   This does not mean that the business owner becomes an insurer of the invitee's safety. *See Bender v. Nalee, Inc.*, 261 Md. 82, 87 (1971); *Honolulu Ltd. v. Cain*, 244 Md. 590, 595 (1966).   When there is an "open, obvious, and patent danger, the occupier of land is ordinarily not under any

6

duty to warn the invitee of that danger." *Casper*, 316 Md. at 582.
When a dangerous condition is open and obvious, "the plaintiff may
be charged with knowledge of it, and the knowledge of the condition
may remove the element of unreasonableness from a danger."
*Honolulu Ltd.*, 244 Md. at 599.

Maryland courts have held that certain dangers are open and
obvious as a matter of law, such as extremely large holes and
specific building features. *See Bell v. Heitkamp, Inc.*, 126
Md.App. 211, 216, 225 (1999) (holding that an uncovered hole, nine
feet deep, eight feet wide, and six feet long, would have been an
open and obvious danger during daylight hours); *Litz v. Hutzler
Bros. Co.*, 20 Md.App. 115, 123-24 (1974) (holding that the risks of
a revolving door, which spins and can be used by a number of other
individuals at the same time, was open and obvious to a department
store customer).  The Court of Appeals of Maryland, in a discussion
of assumption of risk, also noted that there are certain risks that
anyone of adult age can appreciate because of their obvious nature,
including "the danger of slipping on ice, of falling through
unguarded openings, of lifting heavy objects . . . and doubtless
many others." *ADM P'ship v. Martin*, 348 Md. 84, 92 (1997)(quoting
*Prosser and Keeton on the Law of Torts* § 68 at 488 (5th ed. 1984))
(internal quotation marks omitted).

On the other hand, Maryland courts have held that where the
condition or danger was not so evident, the question as it relates

to the defendant's primary negligence is one for the jury.  *See Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md.App. 381, 374, 394-95 (1997) (holding that it was for the jury to decide whether a pile of leaves and a box in the produce aisle of a grocery store created a dangerous condition about which the customer should have known); *Md. Sales & Serv. Corp. v. Howell*, 19 Md.App. 352, 358 (1973) (holding that whether a hole in a roof was an open and obvious dangerous condition to a roofing subcontractor's employee was a question for the jury), *cert. denied*, 271 Md. 739 (1974); *Chamberlain v. Denny's, Inc.*, 166 F.Supp.2d 1064, 1069 (D.Md. 2001) (applying Maryland law) (holding that whether the condition of floor tiles that were recessed and uneven was open and obvious was a question for the jury).

The courts in Maryland have discussed specifically whether steps are inherently dangerous or contain obvious risks.  In *Lloyd v. Bowles*, 260 Md. 568, 573 (1971), the Court of Appeals noted:

> [D]ifferent levels connected by steps is a relatively normal condition to be anticipated by persons of ordinary sensibilities, and that an owner of premises would not be liable to an invitee for injuries sustained by falling on the steps, *absent something unusual about the construction or surrounding conditions of them*.  *Long v. Joestlein*, 193 Md. 211, 217, 66 A.2d 407 (1949).

(emphasis added).  The Court of Appeals has found that, in cases involving accidents on stairs, questions of fact arise where the location or construction of the stairs is unusual.  For instance,

in *Burkert v. Smith*, 201 Md. 452, 462 (1953), the court held that,
where the plaintiff was standing at the door of a tavern and
stepped backward to allow a patron to enter, falling down a set of
stairs in the process, the questions of whether the plaintiff
should have seen the stairs, or whether the defendant should have
anticipated the possible harm, were for the jury.  The court stated
that, while it could be argued that the patron should have seen the
stairs, there was also a strong argument that there was no reason
for her to see the stairs because of their unusual placement a few
inches from the door.  *Id.*  Similarly, in *Recreation Centre Corp.*
*v. Zimmerman*, 172 Md. 309, 313 (1937), the Court of Appeals said
that "the tendency to assume that a stairway descends regularly
from the top to the bottom is a natural one, of which any occupier
of premises might be required to take notice." In *Zimmerman*,
however, the drop from one step to another was twice the height of
the drop from the other steps, thereby creating questions of
material fact as to the defendant's primary negligence and whether
the plaintiff could have missed seeing the condition.  *Id.* at 311,
313.

    Here, Defendant argues that it does not owe Plaintiff any
duty:

> Thus, by Plaintiff's own testimony, she; [sic]
> (1) was aware of the hazardous condition, (2)
> was aware of the hazard it posed, since she
> had taken measures previously to avoid the
> subject step, (3) was aware that, at least by
> her testimony, the hazard had been present on

> that step for approximately one year. Under
> these circumstances Maryland law does not
> impose a duty on the business invitor (the
> Defendant) to protect the Plaintiff. Because
> Plaintiff is unable to demonstrate that the
> Defendant owed her a duty under the facts of
> this case, she is unable to make out a prima
> facie a [sic] case and summary judgment should
> be entered in favor of the Defendant.

(Paper 15, at 7-8).

The case law does not support Defendant's position that Plaintiff's prior knowledge equates automatically with knowledge at the time of the accident. Maryland courts are more likely to find knowledge as a matter of law where the plaintiff admits to awareness of the condition immediately before the accident. *See Blood v. Hamami P'Ship, LLP*, 143 Md.App. 375, 386 (2002) (finding the plaintiff's knowledge of the dangerous steepness of the ramp was established as a matter of law, where the plaintiff admitted he was aware of the condition both prior to and at the time of his fall); *Craig v. Greenbelt Consumer Servs.*, 244 Md. 95, 97 (1966) (finding there was no question as to the plaintiff's knowledge of the dangerous condition of sawdust on the floor, where the plaintiff admitted that she saw the sawdust, she knew it was slippery, and she intentionally walked into the sawdust despite the presence of other reasonable alternatives); *but see Balt. Gas & Elec. Co. v. Flippo*, 348 Md. 680, 704 (1998) (finding that, when discussing whether the plaintiff could be contributorily negligent, there was a question of material fact where the plaintiff disputed

10

having knowledge of the presence of electrical wires immediately
before climbing a tree).   Although Plaintiff admitted she had
prior knowledge of the defective condition of the stairs and she
had even attempted to go around the spot in order to avoid it,
Plaintiff also stated that on the day of the accident she had
forgotten about the chunk of concrete missing from the step.

In addition, Defendant's argument overemphasizes parts of
cases that specifically discuss a plaintiff's responsibility to
exercise reasonable care.   For instance, Defendant relies heavily
on *Tennant*, in which the Court of Special Appeals stated: "[T]he
invitee has a duty to exercise due care for his or her own safety.
This includes the duty to look and see what is around the invitee."
115 Md.App. at 389.   Plaintiff correctly points out that *Tennant*
supports her position as well.   The court in *Tennant* also
acknowledged the business owner's burden to protect or warn the
invitee, especially in a situation where the invitee may forget
about a particular danger:

> In the usual case, there is no obligation to
> protect the invitee against dangers which are
> known to him, or which are so obvious and
> apparent that he may reasonably be expected to
> discover them . . . In any case, where the
> occupier as a reasonable person should
> anticipate an unreasonable risk of harm to the
> invitee notwithstanding his knowledge,
> warning, or the obvious nature of the
> condition, something more in the way of
> precautions may be required.   That is true,
> for example, where . . . *after a lapse of time
> [the invitee] may forget the existence of the*

11

> *condition, even though he has discovered it or*
> *been warned . . . .*

115 Md.App. at 393 (quoting *Prosser*, § 61 at 427 (footnotes
omitted) (emphasis added)).  The court also stated that there was
a difference between "the failure to see a man, at eye level who is
clearly visible, and the failure to see [something] which rests
inches on the ground."  *Id.* (quoting *Diffendal v. Kash & Karry
Serv. Corp.*, 74 Md.App. 170, 178 (1988)).

   Thus, questions of fact exist that make summary judgment
inappropriate.  Specifically, there is a question of material fact
as to whether the missing piece of concrete created an open and
obvious hazard.  In addition, although Defendant presented evidence
that Plaintiff knew of that hazard, there is a dispute of fact as
to whether Plaintiff had knowledge of the hazard at the time of the
accident because Plaintiff testified that on the day she fell she
did not see the missing piece of concrete and did not recall its
damaged condition when she went down the steps.  Accordingly,
Defendant has not shown it is entitled to summary judgment as to
its primary negligence.

**B. Contributory Negligence**

   Contributory negligence is the "neglect of the duty imposed
upon all individuals to observe ordinary care for their own
safety." *Flippo*, 348 Md. at 703 (citing *Campfield v. Crowther*, 252
Md. 88, 93 (1969)).  To be contributorily negligent, an individual
must do something "that a person of ordinary prudence would not

do," or fail "to do something that a person of ordinary prudence would do, under the circumstances." *Id.; see also Menish v. Polinger Co.*, 277 Md. 553, 559 (1976); *Kasten Constr. Co., Inc. v. Evans*, 260 Md. 536, 541 (1971).  As a general rule, contributory negligence is a question for the jury where there is "a conflict of evidence as to material facts relied on to establish contributory negligence, or more than one inference may be reasonably drawn therefrom." *Flippo*, 348 Md. at 703 (quoting *Reiser v. Abramson*, 264 Md. 372, 377-78 (1972)).  Contributory negligence can be established as a matter of law only when the evidence shows some "prominent and decisive act which directly contributed to the accident" and which would leave no room for disagreement in reasonable minds. *Flippo*, 348 Md. at 703 (quoting *Reiser*, 264 Md. at 378); *see also Menish*, 277 Md. at 562, 569 (holding that where the plaintiff walked along a brick walkway that did not appear to be icy, but which did contain an icy spot that the plaintiff slipped on, there was no prominent and decisive act to find her contributorily negligent as a matter of law); *Gast, Inc. v. Kitchner*, 247 Md. 677, 686 (1967) (holding that there was no decisive act to make plaintiff contributorily negligent as a matter of law where the plaintiff walked along a path that appeared slippery, moved closer to the building in an attempt to gain better footing, and fell as she passed a downspout).

Defendant argues that Plaintiff did not demonstrate that she exercised due care for her own safety while on Defendant's premises:

> [M]aryland law places an affirmative duty upon a business invitee, like Plaintiff in this case, to exercise due care for her own safety while on the subject premises. Plaintiff has conceded by way of her deposition testimony that she was aware that the alleged hazard was present on this particular step for almost a year and that she had previously undertaken measures to avoid the subject step when she had traversed these very steps in order to avoid a fall. On the date in question, Plaintiff apparently took no such measures, despite her knowledge of the presence of the alleged hazard. She cannot be said to have exercised due care for her own safety under those circumstances.

(Paper 15, at 8-9). For the same reasons that its argument fails as to primary negligence, Defendant has failed to point to a prominent and decisive act on the part of Plaintiff that makes her contributorily negligent as a matter of law. Moreover, there is a question of fact as to whether Plaintiff did have knowledge at the time of the accident. Accordingly, Defendant has not shown that it is entitled to summary judgment on the defense of contributory negligence.

**2. Assumption of Risk**

It is well settled in Maryland that to establish the defense of assumption of risk, "the defendant must show that the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." *ADM*

*P'ship*, 348 Md. at 90-91 (citing *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 630 (1985)); *see also Schroyer v. McNeal*, 323 Md. 275, 283 (1991).   A plaintiff's knowledge and appreciation of the risk is determined by using an objective test, and generally is resolved by the jury.   *Schroyer*, 323 Md. at 283.   Only when there is "undisputed evidence and all inferences therefrom *clearly* establish that the risk of danger was *fully* known to and *understood* by the plaintiff" will the doctrine be applied.   *Id.* (citing *Kasten Constr. Co., Inc.*, 260 Md. at 544) (emphasis in original).   When it is clear that a person of normal intelligence in the plaintiff's position "must have understood the danger, the issue is for the court."   *Id.* at 283-84; *see also ADM P'ship*, 348 Md. at 91-92.

Again, Defendant's defense of assumption of risk relies on the pivotal fact of Plaintiff's knowledge of the risk.   Because there is a question of material fact as to Plaintiff's knowledge of the risk, summary judgment is not appropriate on this defense.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment will be denied.   A separate Order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
